1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RICHARD COKER,                          No.  1:25-cv-00224-SKO (HC)

12              Petitioner,                   **ORDER DIRECTING CLERK OF COURT
                                              TO ASSIGN DISTRICT JUDGE**
13        v.
                                              **FINDINGS AND RECOMMENDATION
14    WARDEN, USP-ATWATER,                    TO DENY PETITION**

15              Respondent.                   **[21-DAY OBJECTION DEADLINE]**

16

17        Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

18    writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He filed the instant petition on February 20,

19    2025.  Petitioner takes issue with a disciplinary proceeding in which he was found guilty of

20    possessing a dangerous weapon in prison.  Upon review of the pleadings, the Court will

21    recommend the petition be DENIED.

22                              **DISCUSSION**

23    A.    Incident Report[1]

24        On April 11, 2024, Correctional Officer A. Abdill conducted a random search of cell 223

25    occupied by Petitioner and his cellmate.  During the search, Officer Abdill located a homemade

26    weapon – a plastic shiv approximately 6 inches in length - inside the pocket of a hanging jacket.

27    ───────────────────────

28    [1] The facts are taken from the Incident Report dated April 11, 2024, and the Disciplinary Hearing Officer
      Report dated April 26, 2024. (Doc. 6-1 at 28-31.)

                                    1

1   The jacket was in a common area of the cell.

2         Petitioner was charged with possession of a dangerous weapon in violation of Code 104.

3   Petitioner denied the charge and claimed he did not know of the weapon. The DHO found

4   Petitioner guilty because the item was discovered in a common area of the cell, for which both

5   cellmates were responsible. He was sanctioned, *inter alia*, with a loss of 41 days of good conduct

6   time credits.

7   B.       Due Process Rights in Prison Disciplinary Proceedings

8         Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

9   diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell,

10   418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution,

11   so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a

12   prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.

13   Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst.

14   v. Hill, 472 U.S. 445, 454-455 (1984)).

15         When a prison disciplinary proceeding may result in the loss of good time credits, due

16   process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the

17   disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional

18   goals, to call witnesses and present documentary evidence in his defense; and (3) a written

19   statement by the factfinder of the evidence relied on and the reasons for the disciplinary action.

20   Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the

21   decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel.

22   Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

23         Petitioner does not contend he did not receive advanced written notice or that he was not

24   provided a written statement of reasons for the disciplinary action. He contends he was not

25   allowed to call a witness, his cellmate, who would have claimed ownership of the weapon. Two

26   separate hearings took place for Petitioner and his cellmate. Petitioner claims there was not some

27   evidence of guilt, because the hearing officer failed to call the cellmate and consider his statement

28   in which he purportedly would have claimed ownership of the weapon and asserted that Petitioner

1    had no knowledge of it.

2        Even considering what Petitioner's cellmate allegedly would have stated, Petitioner fails

3    to demonstrate there was not at least "some evidence" to support the guilty finding. Petitioner was

4    found guilty based on "constructive possession." See Lewis v. Ricolcol, 2024 WL 5410106, fn.2,

5    (C.D.Cal., Nov. 12, 2024), *adopted*, 2025 WL 487309 (C.D.Cal., Feb. 11, 2025) (stating "[e]ven

6    if Petitioner had called his cell mate as a witness to testify that the contraband was his and not

7    Petitioner's, the evidence would not contradict the fact that Petitioner shared the cell where the

8    contraband was found such that there was sufficient evidence to establish that he was guilty of

9    joint and/or constructive possession of the contraband") (citing Mason v. Sargent, 898 F.2d 679,

10    680 (8th Cir. 1990) (no due process violation where cell mate testified [petitioner was] not

11    responsible for the contraband found in shared locker and appellant was found guilty of

12    possession)).

13        Federal courts have held that the "some evidence" standard may be satisfied by

14    application of the constructive possession doctrine. See, e.g., Torres v. Langford, 2017 WL

15    5900063, at *4 (C.D. Cal. 2017) (finding "some evidence" standard met where weapon was

16    discovered on a window ledge in a room the petitioner shared with five inmates); Hamilton v.

17    O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (finding "some evidence" standard met where

18    weapons were found in a cell that housed the petitioner and three other inmates); Mason v.

19    Sargent, 898 F.2d 679, 680 (8th Cir. 1990) (finding "some evidence" standard met where

20    contraband was found in locker shared by two inmates); Pettis v. Asuncion, 2017 WL 927626, at

21    *6–7 (C.D. Cal. 2017) (finding "some evidence" standard met where cell phone was found in

22    petitioner's shared cell and his cell mate provided a declaration stating that petitioner did not

23    know about the phone); Harms v. Godinez, 829 F. Supp. 259, 262–63 (N.D. Ill. 1993) (finding

24    "some evidence" standard met where contraband was found in a wastebasket in a secure area in

25    the commissary, where petitioner and five other inmates were working).

26        Here, Petitioner does not dispute that a weapon was found in a common area of the cell.

27    Therefore, there was some evidence to support he "constructively possessed" this weapon.

28    Accordingly, Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418

1    U.S. at 564.  The petition should be denied.

2                                    **ORDER**

3        IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District

4    Judge to the case.

5                              **RECOMMENDATION**

6        For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus

7    petition be DENIED.

8        This Findings and Recommendation is submitted to the United States District Court Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

10   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

11   twenty-one (21) days after being served with a copy of this Findings and Recommendation, a

12   party may file written objections with the Court and serve a copy on all parties. Id. The document

13   should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

14   not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not

15   consider exhibits attached to the Objections. To the extent a party wishes to refer to any

16   exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page

17   number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in

18   excess of the fifteen (15) page limitation may be disregarded by the District Judge when

19   reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

20   parties are advised that failure to file objections within the specified time may result in the waiver

21   of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This

22   recommendation is not an order that is immediately appealable to the Ninth Circuit Court of

23   Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure,

24   should not be filed until entry of the District Court's judgment.

25

     IT IS SO ORDERED.
26

27   Dated:    **May 28, 2025**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE
28

                                              4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28